IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLENDAL A. RIDER,

        Plaintiff,

                              CIVIL ACTION
  vs.                           No. 05-3475-SAC

ROGER WERHOLTZ, et al.,

        Defendants.

ORDER

    This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner at the Ellsworth Correctional Facility. Plaintiff proceeds pro se and submitted the full filing fee.

    Plaintiff alleges: (1) his rights under the Eighth Amendment were violated by the failure of defendants Werholtz and McKune to properly train staff and to respond to plaintiff's complaints, the failure of defendant Laun to take reasonable corrective action, the failure of defendants Brown and Ferber to perform their duties and (2) his rights under the Fifth and Fourteenth Amendments were violated by the failure of defendants Werholtz and McKune to train Department

of Corrections employees and the failure of defendants McKune and Laun to take reasonable corrective action.

The Prison Litigation Reform Act of 1996 amended 42 U.S.C. § 1997e(a) to provide that "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice."  Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The court has examined the materials submitted by the

plaintiff in support of the complaint and finds that plaintiff has failed to demonstrate that he sought relief through the administrative grievance procedure on the same claims he presents in his complaint. The court has found no grievance alleging a failure to train, nor is there any grievance response from the Secretary of Corrections or a designee to demonstrate that the plaintiff completed the full administrative remedy procedure.

Accordingly, the court grants plaintiff to and including January 27, 2006, to show cause why this matter should not be dismissed without prejudice for the reasons set forth.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff shall show cause as directed on or before January 27, 2006. The failure to file a timely response may result in the dismissal of this matter without additional notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 10th day of January, 2006.

S/ Sam A. Crow

SAM A. CROW
United States Senior District Judge