IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GLENDAL A. RIDER,**

        **Plaintiff,**

                                  **CIVIL ACTION**
    **vs.**                                  **No. 05-3475-SAC**

**ROGER WERHOLTZ, et al.,**

        **Defendants.**

**ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 13, 2007, defendants filed a motion to dismiss (Doc. 44). The motion states that a memorandum in support also was being filed. However, due to some error in electronic filing, the defendants' memorandum was not docketed and not available to the plaintiff or to the court until November 1, 2007 (Doc. 48).

In addition to the motion to dismiss, several motions are pending before the court. The court enters the present order to address these motions and set a time for the plaintiff to respond to the motion to dismiss.

First, the court considers plaintiff's motion to amend the

complaint (Doc. 38) and motion for service (Doc. 39). The proposed amended complaint identifies two John Doe defendants as Michael Bulmer and Chris McKown. The court finds this amendment will not prejudice the parties, as the defendants' motion to dismiss includes a reference to these individuals. Accordingly, the motion to amend and the motion for service will be granted, and the clerk of the court will be directed to issue waivers to these defendants.[1]

Plaintiff also filed a motion for default judgment (Doc. 42). The court declines to enter default, as defendants have provided an explanation for the brief delay in filing the dispositive motion following the filing of the *Martinez* report and plaintiff has identified no prejudice to him caused by the delay.

Plaintiff filed a renewed motion for the appointment of counsel (Doc. 46). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The court should consider "the litigant's claims, the nature of the

---

[1] In light of the pleadings contained in the record, the court does not anticipate that counsel for defendants will file any additional pleadings following the service of these defendants. However, should counsel wish to do so, he may move the court for leave to file such a pleading.

factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir. 1991).  In this case, the pleadings submitted by the plaintiff reflect his ability to present his arguments and to provide appropriate citations to rules and to the record.  The court concludes the appointment of counsel is not warranted and denies the motion.

Also before the court are plaintiff's motion in opposition to defendants' memorandum in support of the motion to dismiss (Doc. 49) and his motion to serve a surreply (Doc. 52).  Plaintiff's motion in opposition and motion to serve surreply essentially are objections to the filing of defendants' memorandum.  As set forth earlier, the memorandum was not filed at the same time as the defendants' motion to dismiss but was provided shortly after inquiry from the court.  The court rejects plaintiff's bare accusations of intentional failure to comply with the rules of the court and declines plaintiff's request to deny the motion for dismissal on that ground.

The court will grant plaintiff to and including February 6, 2008, to respond to the arguments contained in defendants' motion to dismiss.  The failure to file a response by that time will result in the consideration of the motion to dismiss as an

uncontested motion.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to amend the complaint (Doc. 38) and motion for service (Doc. 39) are granted.  The clerk of the court shall correct the docket in this matter to reflect the identification of the John Doe defendants as Michael Bulmer and Chris McKown and shall issue waivers to those defendants.

IT IS FURTHER ORDERED plaintiff's motion for default judgment (Doc. 42), motion to appoint counsel (Doc. 46), motion in opposition to defendants memorandum in support of the motion to dismiss (Doc. 49), and motion to serve surreply (Doc. 52) are denied.

IT IS FURTHER ORDERED plaintiff is granted to and including February 6, 2008, to respond to defendants' motion to dismiss. The failure to file a response by that date will result in the consideration of that motion as uncontested.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 16th day of January, 2008.


                                    s/SAM A. CROW
                                    United States Senior District Judge